Vernon L. Hopkinson (Bar No. 3656 )
**COHNE, RAPPAPORT & SEGAL, P. C.**
257 East 200 South, Suite 700
Salt Lake City, Utah  84147-0008
Telephone:  (801) 532-2666
Facsimile:  (801) 355-1813
*vern@crslaw.com*

Counsel for Chapter 7 Trustee Roger G. Segal

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

----oOo0ooo----

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NORTH AMERICAN COMMUNICATIONS, | ) | Bankruptcy No. 07-24900 JAB |
| INC. | ) | (Chapter 7) |
| Debtor(s). | ) | |

----oOo0ooo----

## TRUSTEE'S MOTION TO ALLOW CLAIM OF THE "LIQUIDATING DEBTOR"

Roger G. Segal, the duly appointed, acting and qualified Chapter 7 Trustee for the above-captioned North American Communications, Inc. ("NACI") bankruptcy case, by and through his counsel of record, hereby moves the Court, pursuant to 11 U.S.C. §§105, 502, 510(b) and 726, for an order allowing the equity related claim of the "Liquidating Debtor".  In connection herewith the Trustee states as follows:

1.     This Court has jurisdiction in this matter as set forth in, *inter alia*, 28 U.S.C. §§157 and 1334, and all matters pertaining to this Motion are core proceedings as defined by 28 U.S.C. §157(b)(2).

2.      The Debtor (NACI) filed its voluntary Chapter 7 petition on October 12, 2007

("Petition Date").  Shortly thereafter Roger G. Segal ("Trustee") was appointed to serve as Chapter

7 Trustee for the Debtor's bankruptcy case and at all times thereafter he has so served.

3.      The Trustee anticipates closing the Debtor's bankruptcy case sometime in 2010.  At

the conclusion of the Trustee's administration of the Debtor's bankruptcy estate, barring unforseen

circumstances such as late claims, tax obligations or other presently unknown contingencies, the

Trustee anticipates that the estate will have sufficient funds to pay all administrative, priority and

general unsecured claims in full with interest and thereafter will have remaining funds of

approximately one hundred thousand dollars ($100,000.00).

4.      The Debtor is now a defunct Nevada corporation and since 2007 has conducted no

business of anykind.

5.      The Trustee is informed and believes that at one time all of the stock in the Debtor

was owned by Wellington Capital Group, Inc., a Nevada corporation ("Wellington").  The Trustee

now is informed and believes based upon documents provided to him that on or about August 31,

2006 Wellington sold or transferred all of the stock in the Debtor to one of Wellington's affiliates,

specifically Mirabilis Ventures, Inc., a Nevada corporation ("Mirabilis").

6.      Mirabilis filed a Chapter 11 bankruptcy proceeding in the United States

Bankruptcy Court for the District of Florida, Orlando Division ("Florida Bankruptcy Court"), Case

No. 6:08-bk-04327-KSJ on or about May 27, 2008.

7.      On November 21, 2008 the Trustee filed with this Court his "Motion to Approve

Comprehensive Settlement with Gary Oksutcik" (Docket No. 29). In response to said motion, Mirabilis filed a limited objection (Docket No. 33) wherein Mirabilis asserted that it, and not Wellington, was "...the owner of the Debtor's equitable interest".

8.     Predicated upon an understanding between counsel for Mirabilis and the Trustee, in granting the Trustee's Motion to Approve the Trustee's Comprehensive Settlement with Gary Oksutcik this Court specified in its December 23, 2008 order as follows:

> **ORDERED** that the Trustee [Segal] shall make no distributions to either Mirabilis or Wellington Capital Group, Inc. on account of any interest either of these entities may have in the Debtor's equity (stock) pending further order of this Court.

Order dated December 23, 2008 (Docket No. 35) (hereafter the "Order").

9.     As set forth in paragraphs 5 and 6 above, the Trustee has now determined that the equity interest in the Debtor at the petition date was owned by Mirabilis and subsequently its Chapter 11 bankruptcy estate. Based upon all of the foregoing, the Trustee believes that Mirabilis' assertion of an interest in the NACI bankruptcy proceeding should be viewed as Mirabilis asserting an equity claim against the Debtor's bankruptcy estate which claim is subordinated to all other claims pursuant to 11 U.S.C. §§ 510(b) and 726 (hereafter the "Mirabilis Claim").

10.     On October 27, 2009 the Florida Bankruptcy Court entered an order confirming a liquidating plan for Mirabilis; a copy of such Confirmation Order is attached hereto and incorporated herein. As set forth in paragraph Y (page 7) and paragraph 7 (page 12) of the attached Confirmation Order, all assets of Mirabilis became the property of the "Liquidating Debtor". The Trustee therefore believes that the Mirabilis Claim is therefore now owned by the Liquidating Debtor. The president

and initial director of the Liquidating Debtor is R.W. Cuthill Jr. (see paragraph CC - page 8 - and paragraph 27 - page 17 of the attached Confirmation Order).

11.    Accordingly, the Trustee believes that at the conclusion of the NACI bankruptcy proceeding the Mirabilis Claim should be paid to the Liquidating Debtor, care of R.W. Cuthill Jr.

**WHEREFORE**, in order to, *inter alia*, comply with this Court's December 23, 2008 Order, the Trustee prays that the Court enter an order authorizing the Trustee to pay to the "Liquidating Debtor care of R.W. Cuthill Jr." upon completion of the administration of the Debtor's bankruptcy estate any funds remaining in the Debtor's estate after the Trustee has paid with interest as authorized by the Court and as permitted by the Bankruptcy Code all other claims against the Debtor's bankruptcy estate.

**DATED** this 22nd day of December, 2009.

**COHNE, RAPPAPORT & SEGAL, P.C.**

Vernon L. Hopkinson
Attorneys for the Trustee

## CERTIFICATE OF MAILING

The undersigned, an employee of Cohne, Rappaport & Segal, P.C., hereby certifies that on the 22nd day of December, 2009 a true and accurate copy of the foregoing document was mailed, first class, postage fully prepaid, in the United States mail, to all creditors listed on the official mailing matrix on file with the Court, a copy of which is attached hereto, and specifically to the following:

Internal Revenue Service
Attn: Lynne Koch
P.O. Box 21126
Philadelphia, PA 19114

State of CA Franchise Tax Bd
Special Procedures Section
P.O. Box 2952
Sacramento, CA 95812-2952

Uplinx Tech.
Attn: Douglas Susalla
25170 Strawberry Lane
Southfield, MI 48033-2722

Matthew M. Boley
Parsons, Kinghorn and Harris
111 East Broadway, Suite 1100
Salt Lake City, UT 84111

Elizabeth A. Green
Jimmy D. Parrish
Latham, Skuker Eden & Beaudine LLP
390 North Orange Avenue, Suite 600
Orlando, FL 32801

Elena L. Escamilla - UST
135 W. Central Blvd., Suite 620
Orlando, FL 32806

I Randall Gold
U.S. Attorneys Office
501 West Church Street, Suite 300
Orlando, FL 32765

I. Randall Gold
U.S. Attorneys Office
501 West Church Street, Suite 300
Orlando, FL 32805

Laurie A. Cayton
Assistant United States Trustee
Suite 300, Ken Garff Building
405 South Main Street
Salt Lake City, UT 84111

Jerry V. Hale
Winder & Associates
175 West 200 South, #4000
Salt Lake City, UT 84101

Lee Rudd
716 East 4500 South, #N240
Murray, UT 84107

Mike Johnson
Ray, Quinney & Nebeker
36 South State Street, #1400
P.O. Box 45838
Salt Lake City, UT 84111

Snell & Wilmer
15 W. South Temple, #1200
Salt Lake City, UT 84101

Liquidating Debtor
c/o R.W. Cuthill Jr.
341 N. Maitland Avenue, #210
Maitland, FL 32751

R. Scott Shuker
P.O. Box 3353
Orlando, FL 32801

Justin M. Luna
390 N. Orange Avenue, #600
Orlando, FL 32801

F:\MARSHA\VERNON\North American\Settlement Motion (Liquidating Debtor).wpd)

Label Matrix for local noticing
1088-2
Case 07-24900
District of Utah
Salt Lake City
Tue Dec 22 11:20:32 MST 2009

Amano Business Credit
2081 SE Ocean Blvd
Suite 2A
Stuart, FL 34996-3348

Amerisource Funding Inc
13201 NW Fwy
Suite 300
Houston, TX 77040-6036

Andrew Corporation
Worldwide Headquarters
3 Westbrook Corporate Ctr, Ste. 900
Westchester, IL 60154-5765

Bexel Rentals
4305 Vineland Rd.
Suite G-12
Orlando, FL 32811-7353

Matthew M. Boley
Parsons Kinghorn Harris
111 E. Broadway
11th Floor
Salt Lake City, UT 84111-5225

Bush Ross, P.A.
220 South Franklin Street
Tampa, FL 33602-5330

Capital One
Attn: General Correspondence
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One
Attn: Payment Investigations
PO Box 85642
Richmond, VA 23285-5642

Chameleon Communications Group Inc
14375 Myer Lake Circle
Clearwater, FL 33760-2839

Common Paymaster Corporation
PO Box 4612
Orlando, FL 32802-4612

D & D Engineering
641 West Lake Street
Suite 102
Chicago, IL 60661-1056

Denny Curran
12662 Overbrook Drive
Santa Ana, CA 92705-6409

Eric West Attorney PLLC
318b E 5th Street
Lumberton, NC 28358-5535

Firemans Fund Insurance Company
777 San Marin Dr
Novato, CA 94998-0001

First Community Bank
121 S. Tejon, Suite 110
Colorado Springs, CO 80903-2255

First Community Bank
611 N. Weber St, Ste 202
Colorado Springs CO 80903-1072

First Community Bank
Attn: John T. Lane, Sr. V.P.
Special Assets/Colorado & Utah
121 S. Tejon, Suite 110
Colorado Springs, CO 80903-2229

Franchise Tax Board
Special Procedures
PO Box 2952
Sacramento, CA 95812-2952

Gary E Oksutcik
c/o R. Kimball Mosier
111 East Broadway, 11th Fllor
Salt Lake City, UT 84111

Globalstar LLC
461 S Milpitas Blvd
Milpitas, CA 95035-5438

Griffin & Linder
28 E Washington Street
Orlando, FL 32801-2311

Hayman Communications
6622 Inyokern Road
PO Box 1179
Inyokern, CA 93527-1179

Vernon L. Hopkinson
Cohne Rappaport & Segal
257 East 200 South, Suite 700
P.O. Box 11008
Salt Lake City, UT 84147-0008

Robert H. Hunter
Robert Hunter & Associates, P.C.
13961 South Minuteman Drive, Suite 350
Draper, UT 84020-8086

(p) INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Interscreen America Inc
10720 72nd Street #306
Largo, FL 33777-1520

Jerald V. Hale
Winder & Counsel PC
175 West 200 South, Ste 4000
PO Box 2668
Salt Lake City UT 84110-2668

Michael R. Johnson
Ray Quinney & Nebeker P.C.
36 South State Street
Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385

MC Signworks Inc (Hot Rod Ink)
4876 Commerce Drive
Suite A
Salt Lake City, UT 84107-4757

Mark Aldous
235 Hicks Road
Granville, NY 12832-2605

Media Underground Inc
3485 W Harmon Ave
Suite 100
Las Vegas, NV 89103-4108

Metrovision Production Group LLC
508 W 24th Street
New York, NY 10011-1103

Mirabilis Ventures, Inc.
c/o Michael R. Johnson, Esq.
Snell & Wilmer L.L.P.
15 W. South Temple, #1200
SLC, UT 84101-1547

New York State Dept of Taxation and Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205-0300

North American Communications, Inc.
3660 Maguire Boulevard
Suite 103
Orlando, FL 32803-3059

Organizational Solutions Network LLC
1321 Earl Drive
Salt Lake City, UT 84104-3728

Peak Uplink Inc
458 Silverhorn Drive
New Castle, CO 81647-9468

Peak Video Productions
2626 E N Altamont Blvd
Spokane, WA 99202-4250

Percy Davis
131 W 135th Street
New York, NY 10030-2922

Puget Sound Leasing Co Inc
PO Box 1295
Issaquah, WA 98027-0050

Qwest Communications International Inc
1801 California Street #3800
Denver, CO 80202-5555

RF Scientific Inc
5644 Commerce Drive
Orlando, FL 32839-2962

Ray Guy Productions
4510 Aqua Verde Drive
Austin, TX 78746-1041

Lee Rudd
716 East 4500 South
P.O. Box 57782
Salt Lake City, UT 84157-0782

Sector Microwave Industries
999 Grand Blvd
Deer Park
Long Island, NY 11729-5707

Roger G. Segal tr
257 East 200 South
Suite 700
P.O. Box 11008
Salt Lake City, UT 84147-0008

Speccom Systems
336 36th Street
Suite 375
Bellingham, WA 98225-6580

State of California
Franchise Tax Board
Special Procedures Section
PO Box 2952
Sacramento, CA 95812-2952

Steve Newsome Grading
601 River Bend Road
Demorest, GA 30535-2328

Stratis Authority Inc
300 Primera Blvd
Suite 164
Lake Mary, FL 32746-2156

US Bancorp
US Bankcorp Center
800 Nicollet Mall
Minneapolis, MN 55402-2511

US Treasury Department
Criminal Investiga, SA Richard Smith
850 Trafalgar Court # 214
Maitland, FL 32751-4153

United States Trustee
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT 84111-3402

Uplynx Technologies LLC
Attn: Douglas Susalla
25170 Strawberry Lane
Southfield, MI 48033-2722

Utah State Tax Commission
210 North 1950 West
Salt Lake City, UT 84134-9000

Videolink Inc
3401 Quebec Street
Suite 9000
Denver, CO 80207-2331

Vision Accomplished Inc
Transvision International
550 Maulhardt Avenue
Oxnard Beach, CA 93030-8914

Warner Truck Center
5600 W 2100 S
Salt Lake City, UT 84101

Wells Fargo Bank Center
299 South Main Street
Salt Lake City, UT 84111-1919

Wells Fargo CCG Collection Servicing
2nd Floor MAC X2505-016
1 Home Campus
Des Moines, IA 50328-0001

(p)ZIONS FIRST NATIONAL BANK
LEGAL SERVICES UT ZB11 0877
P O BOX 30709
SALT LAKE CITY UT 84130-0709

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
P.O. Box 21126
Philadelphia PA 19114

Zions First National Bank
One South Main Street
Salt Lake City, UT 84111

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Judith A. Boulden

(u)Mirabilis Ventures, Inc.

(u)Gary Oksutcik

(u)Southern Skies Satellite
3440 N 16th Street
Phoenix

End of Label Matrix
Mailable recipients    61
Bypassed recipients     4
Total                  65

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.,                  CASE NO. 6:08-bk-04327-KSJ
HOTH HOLDINGS, LLC, and                    CASE NO. 6:08-bk-04328-KSJ
AEM, INC.,                                 CASE NO. 6:08-bk-04681-KSJ

                    Debtors.               CHAPTER 11

_____/

ORDER CONFIRMING JOINT AMENDED PLAN OF LIQUIDATION,
AS MODIFIED, SUBMITTED BY MIRABILIS VENTURES, INC.,
HOTH HOLDINGS, LLC, AND AEM, INC.

THIS CASE came before the Court at a hearing on October 16, 2009 (the "Hearing") to

consider: (a) confirmation of the Joint Amended Plan of Liquidation submitted by Mirabilis

Ventures, Inc., ("Mirabilis"), Hoth Holdings, LLC ("Hoth"), and AEM, Inc. ("AEM")

(collectively, hereinafter referred to as the "Debtors"), dated as of August 14, 2009 (Doc. No. 234

- Mirabilis, Doc. No. 133 - AEM, Doc. No. 115 - Hoth), and as modified on October 15, 2009

(Doc No. 371 - Mirabilis, Doc. No. 172 - AEM, Doc. No. 148 - Hoth), (collectively, each of

these Docket entries, hereafter referred to as the "Plan"); (b) Motion for Cramdown of Class 3,

Equity Interests, which was filed with the Court on October 15, 2009 (Doc. No. 370)

("Cramdown Motion"); (c) the Motion to Approve Compromise with Diane Hendricks,

individually and as Trustee of Hendricks Irrevocable Trust ("Hendricks Compromise") (in the

Mirabilis case) (Doc No. 320); (d) the Motion to Approve Compromise with Diane Hendricks,

individually and as Trustee of Hendricks Irrevocable Trust (in the AEM case) (Doc. No. 159);

and (e) the objections to confirmation filed by Hans C. Beyer, *et al.* (Doc No. 321); Rachlin

Cohen & Holtz, LLP (Doc No. 322); Richard E. Berman, *et al.* (Doc No. 338); James Moore &

Co, PL (Doc No. 365); the Internal Revenue Service (Doc No. 366); and O2HR, LLC (Doc No. 369) (collectively, hereinafter referred to as the "Objections").

On August 4, 2009, the Court entered an Order Approving the Disclosure Statement, Scheduling Confirmation Hearing for September 16, 2009, Establishing Confirmation, Compensation, and Administrative Claims Hearing Procedures, and Fixing Time for Filing Acceptances or Rejections of Plan (Doc. No. 228 - Mirabilis, Doc. No. 121 - AEM, Doc. No. 112 - Hoth) (the "Balloting Order"). The Plan was distributed to creditors and parties-in-interest on and after August 14, 2009. Thereafter, on September 1, 2009, the Court entered an amended order rescheduling the hearing on confirmation of the Plan for October 16, 2009 ("Amended Order") (Doc No. 266). Capitalized terms used herein and not otherwise defined shall have the respective meanings ascribed to them in the Plan and Disclosure Statement.

At the Hearing, counsel for Debtor made the following *ore tenus* modifications: (a) Cuthill will agree to periodic meetings with the U.S. Attorney or IRS upon reasonable notice (as opposed to ten (10) days as set forth in the Plan); (b) nothing in the Plan or Confirmation Order expands the jurisdiction of the Bankruptcy Court beyond the jurisdiction set forth by applicable Federal Statutes; (c) the Exculpation Clause set forth in Article IX of the Plan shall not eliminate any liability for Allowed tax Claims nor shall it relieve the Liquidating Debtor from its responsibility for timely filing both corporate and payroll tax returns and from timely paying all applicable taxes. Moreover, the Exculpation Clause does not prospectively release the Liquidating Debtor or any responsible person related to federal taxes; and (d) the additional notice provided to the IRS as set forth in Article VI, 5 of the Plan shall apply to both uncashed and returned checks (collectively, (a) - (d) referred to as the "*Ore Tenus* Modifications").

Evergreen Security Ltd.
Case No. 01-00533-6B1                    C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\08-2K-04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSF.DOC

2

The Court, having considered the: (a) Plan; (b) proffer of counsel at the Hearing; (c)

Affidavit of Cuthill in Support of Confirmation ("Confirmation Affidavit") and the Ballot

Tabulation ( Doc. No. 368 - Mirabilis, Doc. No. 171 - AEM, Doc. No. 147 - Hoth); (e) the

Cramdown Motion; (f) the Objections; (g) the Ore Tenus Modificaitons; and (h) the arguments of

all counsel present at the Hearing; and with the Court being familiar with the Plan and other

relevant factors affecting this case and having taken judicial notice of the entire record in this

case, makes the following findings of fact and conclusions of law pursuant to Rule 7052(a) of the

Federal Rules of Bankruptcy Procedure made applicable to this matter pursuant to Rule 9016 of

the Federal Rules of Bankruptcy Procedure:

## I.  **Findings of Fact and Conclusions of Law**

A.      Debtors, as proponents of the Plan, have provided good and sufficient notice of:

(a) the filing of the Plan and Disclosure Statement; (b) the deadline to file and serve objections to

confirmation of the Plan and Disclosure Statement; (c) the deadline and procedures for voting on

the Plan; and (d) the hearing date on the confirmation of the Plan;

B.      Debtors have afforded all parties-in-interest with an adequate opportunity to be

heard regarding the Plan and Disclosure Statement, and the Plan complies with Bankruptcy Code

§1127 and Federal Rule of Bankruptcy Procedure 3019.   All parties received adequate notice in

accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy

Procedure, and the Balloting Order.

C.      The Court has jurisdiction to conduct the Hearing and to confirm the Plan

pursuant to 28 U.S.C. §1334.

D.      Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C.

§157(b)(2)(L), and this Court has jurisdiction to enter a final order with respect thereto.

E.     Mirabilis, Hoth, and AEM are proper Debtors under Section 109 of the Bankruptcy Code.

F.     The Ballot Tabulation filed by the Debtors (as an exhibit to the Confirmation Affidavit) on October 15, 2009, validly and correctly sets forth the tabulation of votes on the Plan, as required by the Bankruptcy Code, Bankruptcy Rules, the Local Rules and the Balloting Order.

G.     The Debtors have solicited and tabulated votes in respect of the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Balloting Order.

H.     The Plan was voted on by all Classes of Impaired Claims that were entitled to vote pursuant to the Bankruptcy Code and the Bankruptcy Rules.

I.     The Plan has been accepted in writing by the requisite majorities of all Impaired Classes of Claims.

J.     The Plan satisfies all of the applicable provisions of the Bankruptcy Code, and, as required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtors as the proponents.   Pursuant to Bankruptcy Rule 3016(c), both the Plan and Disclosure Statement have described in specific and conspicuous language all acts proposed to be enjoined and identified all entities subject to the injunction contained in the Plan.

K.     In accordance with § 1122(a) of the Bankruptcy Code, Article III of the Plan classifies each Claim against and Interest in the Debtors that are substantially similar to such Claims or Interests.   The Plan, therefore, satisfies § 1122(a) of the Bankruptcy Code.

L.     The Plan adequately and properly classifies all Claims and Interests required to be classified, and, accordingly, satisfies § 1123(a)(1) of the Bankruptcy Code.

M.    Pursuant to Article IV of the Plan, all Classes of Claims are identified as Impaired.  Accordingly, the Plan satisfies § 1123(a)(2) of the Bankruptcy Code.

N.    Article VI of the Plan specifies the treatment of each Impaired Class of Claims and Interests.  Accordingly, the Plan satisfies § 1123(a)(3) of the Bankruptcy Code.

O.    The Plan provides the same treatment for each Claim or Interest in each Class unless the holder of such a Claim or Interest agrees to less favorable treatment.  Accordingly, the Plan satisfies § 1123(a)(4) of the Bankruptcy Code.

P.    Article IX of the Plan sets forth the means by which the Plan will be implemented.  The Plan makes adequate means for its implementation and satisfies § 1123(a)(5) of the Bankruptcy Code.

Q.    Upon the occurrence of the Effective Date, the amended and restated certificate of incorporation of the Liquidating Debtor will contain provisions prohibiting the issuance of non-voting equity securities.  Accordingly, the Plan satisfies § 1123(a)(6) of the Bankruptcy Code.

R.    The Debtors have disclosed the identities of those persons who will serve as officers and directors of the Liquidating Debtor.  Accordingly, the Plan satisfies § 1123(a)(7) of the Bankruptcy Code.

S.    The Plan provides that all executory contracts or unexpired leases will be deemed rejected upon the Effective Date, except for any such contracts or leases that (a) have been assumed or rejected pursuant to final Order of the Bankruptcy Court, (b) are specifically treated in the Plan, or (c) are the subject, as of entry of this Order, of a motion to assume currently pending before the Bankruptcy Court.  The Plan further provides that the entry of the Confirmation Order constitutes approval of such rejections pursuant to §§ 365(a) and 1123(b)(2)

Evergreen Security Ltd.
Case No. 01-00553-6B1                    C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\08K-04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

5

of the Bankruptcy Code, in each case as of, and subject to the occurrence of, the Effective Date. The Debtors' decision regarding the assumption and rejection of executory contracts and unexpired leases is based on and is within their sound business judgment, is necessary to the implementation of the Plan, and is in the best interests of the Debtors, their estates, Holders of Claims, and other parties in interest in this Chapter 11 Case.

T.    Consistent with the requirements of § 1146(c) of the Bankruptcy Code, the transfer or vesting of any real or personal property of the Debtors or the issuance of any securities in accordance with the Plan or the Confirmation Order,   is not subject to taxation under any state or local law imposing a stamp, transfer or similar tax.

U.    The Debtors have complied with all of the provisions of the Bankruptcy Code and the Bankruptcy Rules governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, and all other matters considered by this Court in connection with this Chapter 11 Case.

V.    The Debtors have properly solicited votes with respect to the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, as well as the Balloting Order.  All of the Ballots were properly solicited and tabulated. The Debtors accordingly have satisfied § 1129(a)(2) of the Bankruptcy Code.

W.    This Court has examined the totality of the circumstances surrounding the formulation of the Plan.  The Plan has been proposed in good faith by the Debtors.  The Debtors have acted in good faith in formulating and proposing the Plan and have properly performed their fiduciary duties.  All parties have acted in good faith and received no unfair advantage.

X.    Since the Debtors' business has not continued after the Petition Date and the sole

goal of the Plan is to generate the maximum amount of Extraordinary Income possible for the

benefit of the Holders of Allowed Claims, the Plan does not provide for the discharge of any

claims or liabilities.

Y.    On the Effective Date: (i) all assets, and all proceeds thereof, and all liabilities of

the Debtors, will be treated as though the assets and liabilities were merged into a single entity

which shall be the Liquidating Debtor; (ii) all Intercompany Claims will receive no distribution

under the Plan; (iii) any obligation of any Debtors and all Guaranties thereof executed by one or

more of the Debtors, and any Claims filed in a case of a Debtor hereof or to be filed in

connection with any such obligation and guarantee will be deemed one Claim against the

Liquidating Debtor; (iv) each and every Claim filed in the individual Chapter 11 Case of any of

the Debtors will be deemed filed against the Liquidating Debtor; and (v) for purposes of

determining the availability of the right of setoff under section 553 of the Bankruptcy Code, the

Debtors shall be treated for purposes of the Plan as one entity so that, subject to the other

provisions of section 553 of the Bankruptcy Code, debts due to any of the Debtors may be set off

against the debts of any of the Debtors.

Z.    On the Effective Date, the Liquidating Debtor shall receive, retain, and pursue for

the benefit of holders of Allowed Claims, any and all Causes of Action belonging to any of the

Debtors.  Any rights to claim any legal privileges previously enjoyed by the Debtors shall also

vest in the Liquidating Debtor to be exercised by the President.  For purposes of the Plan, the

Liquidating Debtor, through its President acting in his or her official, shall be designated as the

representative of the Bankruptcy Estates for the retention and enforcement of any Claim or

Interest belonging to the Debtors or the Bankruptcy Estates pursuant to 11 U.S.C. §

1123(b)(3)(B).  Any recovery from the Causes of Action will be paid to the holders of Allowed

Claims as provided for herein, less the costs of recovering or attempting to recover Extraordinary

Income through the Causes of Action and other means.

AA.    All payments to be made by Cuthill to Professionals retained by order of the Court

for services or for costs and expenses in or in connection with this Chapter 11 Case, through the

Confirmation Date, have been or are subject to review and approval by this Court upon the

pending, and any supplemental, applications filed under §§ 330, 331 or 503(b) of the Bankruptcy

Code.  Accordingly, the Plan satisfies § 1129(a)(4) of the Bankruptcy Code.

BB.    Article IX of the Plan provides for post confirmation payment by the Liquidating

Debtor of certain fees and expenses of professionals employed by the Liquidating Debtor,

without prior Court order, and the Court shall have jurisdiction over this matter only as provided

under the Plan.

CC.    The Debtors have disclosed the identities, affiliations and compensation of the

individuals who will serve as officers and/or directors of the Liquidating Debtor.  Cuthill will

act as the initial President and the initial Director of the Liquidating Debtor.  The appointment,

or continuation in office, of such individual is consistent with the interests of creditors and with

public policy.  Accordingly, the Plan satisfies § 1129(a)(5) of the Bankruptcy Code.

DD.    The Plan does not provide for any changes in rates that require regulatory

approval of any governmental agency. Section 1129(a)(6) of the Bankruptcy Code is accordingly

not applicable.

EE.    Each Holder of an Impaired Claim that has not accepted the Plan will receive or

retain under the Plan on account of such Claim property of a value, as of the Effective Date, that

is not less than the amount that such Holder would receive or retain if the Debtor was liquidated

under Chapter 7 of the Bankruptcy Code. Thus, the Plan satisfies the "best interests" test under § 1129(a)(7)(A)(ii) of the Bankruptcy Code.

FF. Pursuant to the Ballot Tabulations all Impaired Classes of Claims have voted in favor of the Plan. The equity securities representing the Interests in Class 3 (Common Stock) have not voted; however, there is no holder of a junior Interest that will receive or retain any property on account of such Interest. Accordingly, the Plan may be confirmed over the deemed rejection by Class 3, pursuant to § 1129(b)(2)(C) of the Bankruptcy Code.

GG. Article IV, V, and VI of the Plan provide that, as of the Effective Date, all Allowed Administrative Claims and Allowed Priority Tax Claims should be fully satisfied and all Interests shall be extinguished. In the event that any Allowed Priority Tax Claim remains unpaid after the Effective Date, the Liquidating Debtor shall insure that such Allowed Claims are paid prior to making any payments on account of Allowed Class 1 or 2 Claims. Accordingly, the Plan satisfies the requirements of § 1129(a)(9) of the Bankruptcy Code.

HH. The Plan satisfies § 1129(a)(10) of the Bankruptcy Code because an Impaired Class has voted to accept the Plan by the requisite majority, determined without including any acceptance of the Plan by Insiders.

II. The Plan provides for the payment on the Effective Date (or as soon as practicable thereafter) of all fees payable under § 1930, Title 28, United States Code. The Plan satisfies Section 1129(a)(12) of the Bankruptcy Code.

JJ. It is not the principal purpose of the Plan to avoid taxes or the application of § 5 of the Securities Act of 1933, as amended.

KK. The omission of any reference or specific discussion of all or part of any particular provision of the Plan herein shall have no effect on the validity, binding effect and enforceability

as every other provision of the Plan.   To the extent of any inconsistencies between the terms of

this Confirmation Order and the Plan, the terms of this Confirmation Order shall control, except

as otherwise provided herein.

LL.    If any provision of this Confirmation Order is hereafter modified, vacated, or

reversed by subsequent Order of this Court or any other court of competent jurisdiction, such

reversal, modification, or vacation shall not affect the validity of the obligations incurred or

undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of

any such order; nor shall such reversal, modification or vacation hereof affect the validity or

enforceability of such obligations.   Notwithstanding any reversal, modification or vacation

hereof, any such obligations incurred or undertaken pursuant to and in reliance on this

Confirmation Order prior to the effective date of such reversal, modification or vacation shall be

governed in all respects by the provisions hereof and of the Plan, and all documents, instruments

and agreements related thereto, or any amendments or modifications thereto.

MM.   The *Ore Tenus* Modifications do not constitute substantial modifications and,

thus, no further solicitation is required.   The *Ore Tenus* Modification are deemed incorporated

into the Plan.

For the foregoing reasons, the Court determines that the Plan should be confirmed.

Accordingly, it is hereby

**ORDERED:**

1.    The Plan is in all respects confirmed pursuant to § 1129 of the Bankruptcy Code

and all of its terms and provisions are approved.   The Debtors and Liquidating Debtor are

authorized and directed to take any and all actions contemplated to be taken by it under the Plan.

Evergreen Security Ltd.
Case No. 01-00533-6B1                    C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\08830004327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

19

2.      The Objections are overruled. With respect to the objections filed by the adversary proceeding defendants: Hans C. Beyer, et al., Rachlin Cohen & Holtz, LLP, Richard E. Berman, et al., and James Moore & Co, PL, and notwithstanding anything herein to the contrary, neither the Plan nor this Confirmation Order shall be construed in any way to create, expand or modify the jurisdiction of this Court with respect to the above-named objecting parties. Furthermore, the above-named objecting parties have not submitted themselves to the jurisdiction of this Court by the filing of the objections.

3.      The Cramdown Motion is granted.

4.      In accordance with § 1141(a) of the Bankruptcy Code, the provisions of the Plan and this Confirmation Order are binding on the Debtors, Liquidating Debtor, each Creditor, and every other party-in-interest in this case and each of their respective successors and assigns (whether or not such Creditors or parties-in-interest voted to accept the Plan, whether or not they are Impaired under the Plan, and whether or not any such Holder has filed, or is deemed to have filed a proof of Claim or proof of Interest), and any other Person giving, acquiring, or receiving property under the Plan, and any lessor or lessee of Property to or from the Debtor. The rights afforded in the Plan and the treatment of all Claims and Interests therein shall be in exchange for and in complete satisfaction of all Claims and Interests of any nature whatsoever, known or unknown, including, except as expressly provided in the Plan, interest accrued on or expenses incurred in connection with such Claims from and after the Order for Relief, against, the Liquidating Debtor or its property or interests in property.

5.      The provisions of this Confirmation Order will become operative on the Effective Date.

6.      In accordance with §§ 524 and 105(a) of the Bankruptcy Code, and except as otherwise provided in the Plan and this Confirmation Order on and after the Effective Date all Persons are permanently enjoined from, and restrained against, commencing or continuing in any court any suit, action, or other proceeding, or otherwise asserting any Claim or Interest, seeking to hold liable:    (a) the Liquidating Debtor and all officers and directors noted in the Confirmation Affidavit; and (b) the property of Liquidating Debtor, for any claim, obligation, right, interests, debt or liability that has been discharged or released pursuant to the Plan and for any and all claims arising under bankruptcy or nonbankruptcy law relating in any way to the Debtors, Liquidating Debtor or its business, except for any claims or actions related to gross negligence or willful misconduct.

7.      In accordance with § 1141(b) of the Bankruptcy Code and the Plan, title to the Debtors' assets, shall vest in the Liquidating Debtor on the Effective Date.   Until the Effective Date, the Debtors and Cuthill shall continue to perform their duties under the Code.   Except as otherwise expressly provided in the Plan and in this Confirmation Order, all assets and property of the Debtors shall be vested in the Liquidating Debtor, free and clear of all Liens, security interests, Claims and Interests of holders of Claims or Interests, and all such Liens, security interests, Claims and Interests are hereby extinguished.

8.      The provisions of Articles VI and IX of the Plan, governing distributions, reserves and procedures for resolving and treating disputed claims in Class 2 of the Plan, are found to be fair and reasonable and are hereby approved.

9.      Payment of all Allowed Claims of Professionals for fees and/or expenses, as provided herein, shall be paid on the date on which any Order authorizing the payment of such fees and/or expenses to such professional becomes a Final Order.

Evergreen Security Ltd
Case No. 01-00533-6B1                                    C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\08192_04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

12

10.    The Debtors shall comply with all terms and conditions of the Plan, which terms and conditions are incorporated herein by reference.

11.    The Debtors are hereby authorized and directed to execute any necessary documents to meet the statutory requirements if any, for filing necessary papers with the State of Florida or any other jurisdiction to effectuate the terms of the Plan.

12.    The Debtors are hereby vested with the rights and powers granted to the Debtors pursuant to § 1107(a) of the Bankruptcy Code with respect to the allowance, treatment or avoidance of Liens or Claims which remain unresolved as of the Effective Date.

13.    The President of the Liquidating Debtor is hereby appointed as the representative of the Estate pursuant to 11 U.S.C. § 1123(b)(3)(B) for the purpose of retaining and enforcing the Causes of Action.

14.    Upon the Effective Date, the President, on behalf of the Liquidating Debtor, shall have the right, and be vested with the authority, to seek adjudication of the Causes of Action. Such rights shall be transferred to the Liquidating Debtor for the benefit of Class 2 Creditors as of the Effective Date, and the President, as representative of the estate, and subject to the relevant provisions and limitations set forth in the Plan, shall have the right and be fully vested with the authority to assert and prosecute such Causes of Action, and to prosecute, settle or compromise any such  Causes of Action, for the benefit of Class 2 Creditors.

15.    Upon the Effective Date, all executory contracts and unexpired leases of the Debtors not previously assumed by Order of this Court or subject to a pending motion to assume shall be deemed rejected, unless such contracts or leases were or are otherwise assumed pursuant to the Plan.  Parties to such rejected leases and contracts are required to submit their claims for rejection damages, if any, pursuant to the provisions of 11 U.S.C. § 502(g), within 30 days

hereof.  All of the Debtors' right, title and interest in any contracts, leases or agreements entered into by the Debtors after the Petition Date, and/or not subject to assumption or rejection under § 365 of the Bankruptcy Code, shall vest in the Liquidating Debtor without further action on the Effective Date.

16.    In accordance with § 1145 of the Bankruptcy Code, the offer or issuance, sale, exchange or other transfer by the Debtors of any security in accordance with the Plan or this Confirmation Order,   is hereby declared exempt from: (a) the provisions of § 5 of the Securities Act of 1933, as amended (15 U.S.C. §77(e), as amended); and (b) any state or local law requiring registration for the offer or sale of a security or registration or licensing of the issuer or an affiliate thereof as an underwriter, broker or dealer in securities.

17.    Pursuant to § 1146(c) of the Bankruptcy Code and the Plan, the issuance, transfer, or exchange of notes or securities under the Plan the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan shall not be subject to any stamp, real estate transfer, or similar tax.  All filing and recording officers are hereby directed to accept for filing or recording all instruments of transfer to be filed and/or recorded, without the payment of any such taxes.

18.    All entities holding Claims against or Interests in the Debtors that are treated under the Plan are hereby directed to execute, deliver, file or record any document, and to take any action necessary to implement, consummate and otherwise effect the Plan in accordance with their respective terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan.

19.    In accordance with § 1142 of the Bankruptcy Code, the Debtor, the Liquidating Debtor and any other entity designated pursuant to the Plan are hereby authorized, empowered, and directed to issue, execute, deliver, file, and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents issued, executed and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by the Plan.

20.    The Debtors are hereby authorized upon subsequent order of the Bankruptcy Court, to amend or modify the Plan at any time prior to the Effective Date, but only in accordance with § 1127 of the Bankruptcy Code and the Plan.

21.    The Debtors shall pay to the United States Trustee the fees imposed pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of this Order for preconfirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.

22.    The Liquidating Debtor shall further pay to the United States Trustee the fees imposed pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), until the earlier of the closing of this case by the issuance of Final Decrees by the Court, or until the entry of Orders by this Court dismissing this case or converting this case to another chapter under the Bankruptcy Code. The Liquidating Debtor shall provide to the United States Trustee, upon the payment of each post-confirmation payment, an appropriate affidavit indicating all the cash disbursements for the relevant period.

23.    Until this case is closed through the entry of a final decree, the Court shall retain jurisdiction pursuant to Rule 3020(d) to ensure that the provisions and the intent of the Plan are

carried out.  The Court shall also retain jurisdiction to hear and determine all claims against the

Debtor; to hear, determine, and enforce all Causes of Action arising in, arising under, or related

to this Case and which may exist on behalf of the Debtors, or the Liquidating Debtor; to hear and

resolve all objections to the fees or expenses of Professionals or others as provided for in the

Plan; and to confirm, after proper notice and hearing, any proposed sale of assets (although after

the Effective Date no such sale of assets would require Bankruptcy Court approval).  Nothing

contained herein shall prevent the Debtors or the Liquidating Debtor from taking such action as

may be necessary in the prosecution of any cause of action which may exist on its or on the

Debtors' behalf and nothing contained herein shall prevent any creditor from enforcing any claim

it may have against third parties who may be liable as a result of the Debtors' obligation to such

creditor except as specifically provided for herein.

   24. In the event the Liquidating Debtor fails to follow the provisions of M.D. Fla.

L.B.R. 3022-1, Liquidating Debtor shall file a report within ninety (90) days from the date of the

Confirmation Order, setting forth the progress made in consummating the Plan.  The Report

shall include:

    (a) a statement of distribution by Class, name of Creditor, date of distribution,
and amounts paid;

    (b) a statement of transfer of property; and

    (c) a statement of affirmation that Liquidating Debtor has substantially
complied with the provisions of the confirmed Plan.

   25. Within five (5) days after the entry of this Confirmation Order, the Liquidating

Debtor shall mail to all known Creditors and Holders of Interests and all other parties in interest

(including Professionals) copies of this Confirmation Order.

26.    This Confirmation Order shall be deemed to constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or other governmental authority, whether foreign or domestic, or judicial or administrative body, whether foreign or domestic, with respect to the implementation or consummation of the Plan.

27.    Hereafter, the only parties to whom notices of matters and proceedings shall be given, and on whom service of pleadings is required shall be limited to the Liquidating Debtor, care of the President and his professionals, and the United States Trustee, by notifying or serving them and their respective counsel of record at the following addresses:

> Liquidating Debtor
> c/o R.W. Cuthill, Jr.
> 341 N. Maitland Ave., Ste. 210
> Maitland, FL 32751
>
> With a copy to:
>
> R.Scott Shuker
> Latham, Shuker, Eden & Beaudine, LLP
> PO Box 3353
> Orlando, FL    32801
>
> United States Trustee:
> 135 West Central Blvd, Suite 620
> Orlando, Florida 32801

28.    Pursuant to the provisions of Bankruptcy Rule 3020(e), the ten-day stay otherwise required is hereby waived, and this Confirmation Order shall become effective immediately upon

entry, and the Effective Date shall occur as soon as the conditions precedent to effectiveness set

forth in the Plan have occurred or been waived as provided for in the Plan.

**DONE AND ORDERED** on October 27, 2009.


_____
**KAREN S. JENNEMANN**
United States Bankruptcy Judge

Copies to:

Debtor: R. W. Cuthill, Jr., 341 N. Maitland Ave., Suite 210, Maitland, Florida 32751;

Debtor's Counsel:   R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, PO Box
3353, Orlando, Florida 32802-3353;

Office of the United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida
32801; and

All Creditors & Interested Parties